

FILED
JN DEC 04 2007
DEC 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 346 |
| | ) | |
| | ) | Judge Lindberg |
| v. | ) | |
| | ) | Violation: Title 18, United States Code, |
| | ) | Section 1341 |
| MARYANNE KOLL, and | ) | |
| ROBERT HENRY | ) | SUPERSEDING INFORMATION |

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Defendant MARYANNE KOLL was a retired employee of the Chicago Department of Public Health ("CDPH") Food Protection Division. Between approximately January 1994 and February 2002, Koll was employed by the CDPH as a Sanitarian II, where her primary duties were to conduct inspections of food establishments in accordance with the City of Chicago Municipal Code ("Municipal Code").

   b. Beginning in approximately May 1995, defendant MARYANNE KOLL was a course instructor approved by Illinois Department of Public Health ("IDPH") for State of Illinois Food Service Sanitation Manager Certificate ("Illinois Sanitation Certificate") courses.

   c. Defendant ROBERT HENRY was a retired employee of CDPH Food Protection Division. Between approximately 1989 and May 2004, HENRY was employed by the CDPH. During part of that time, HENRY was employed as a Supervising Sanitarian,

where his primary duties were to conduct inspections of food establishments in accordance with the Municipal Code.

   d. Kollmar Food Safety Institute was a business associated with defendant MARYANNE KOLL, which KOLL operated from 7840 Forest Hill Road, Burr Ridge, Illinois, 60527.

   e. The IDPH requirements for food establishments were set forth in the Food Service Sanitation Code at Title 77, Chapter 1, Subchapter m, Part 750 of the Illinois Administrative Code ("Illinois FSS Code").

   f. The Illinois FSS Code provided that all food service establishments (*e.g.*, restaurants, grocery stores, bakeries, convenience stores, hospitals, nursing homes, day care facilities, shelters, schools, and temporary food service events) must have on the premises at all times a Sanitation Certificate holder who had successfully completed an IDPH-approved Sanitation Certificate course and exam.

   g. The Sanitation Certificate course approved by the IDPH was 15 hours of training and included instruction regarding food borne illnesses, time/temperature relationships with food borne illnesses, personal hygiene, food safety, pest control, proper cleaning and sanitizing procedures, and the prevention of food contamination. The IDPH-approved Sanitation Certificate exam consisted of eighty multiple-choice questions testing the individual's knowledge of these topics.

   h. The Sanitation Certificate Exam Books were the exclusive property of

the State of Illinois, and were intended by the IDPH to be used for the specific purpose of testing an individual's knowledge of topics relating to food service, preparation, and sanitation. The front cover of the exam book and the bottom of each page in the exam books stated in bold letters: "THIS BOOKLET IS THE PROPERTY OF THE STATE OF ILLINOIS."

        i.      The IDPH Food Service Sanitation Manager Certification ("FSSMC") Exam Monitoring Procedure instructed, "The Department shall revoke permission to serve as a Monitor in the event of . . . repeated failure to return exams within ten days, . . . and duplicating test materials. All examinations must be stored, transported and administered under secure conditions. They must be inventoried prior to and immediately following each administration of the examination. 'Secured' means that access to the examination is essentially limited to the Monitor of the examination or an agent of the Department. The State of Illinois Food Service Sanitation Manager Certification exam may not be out of the Department for more than 10 day[s] unless otherwise approved by the Department. Exams must be returned by Certified or Priority Mail, a parcel delivery service or hand delivered."

        j.      The IDPH FSSMC Instructor Procedures directed at #13, "CONFIDENTIALITY. All documentation pertaining to the preparation, testing and grading of the State of Illinois Food Service Sanitation Manager Certification program is confidential and shall not be disclosed, copied or provided to anyone directly or indirectly without the express permission of the Illinois Department of Public Health. All such materials are the

exclusive property of the State of Illinois."

k. To become an IDPH-approved instructor, KOLL signed an IDPH Instructor/Monitor Non-Disclosure Agreement, which read, "I understand and agree that all examination questions received from the Illinois Department of Public Health are and shall remain the exclusive property of IDPH and shall not be disclosed in any manner. I hearby swear and affirm that while teaching and monitoring exams for the Food Service Sanitation Manager Certification program I will not provide, directly or indirectly, to any student or any other individual, information regarding examination questions, answers to examination questions or assistance in answering examination questions."

l. To become an IDPH-approved instructor, KOLL signed an Affidavit of Non-Disclosure which read, "I have not and will not provide to the examinee, directly or indirectly, any answers to the examination. It is understood that all examination questions received from the Illinois Department of Public Health are and shall remain the exclusive property of IDPH and shall not be disclosed in any manner."

m. The Sanitation Certificate course could be taught only by an IDPH-approved instructor. All IDPH-approved Sanitation Certificate instructors were required to instruct courses and administer exams in accordance with the Illinois FSS Code.

n. IDPH-approved instructors scheduled Sanitation Certificate courses and exams at their discretion, provided that a minimum of five individuals were enrolled. To schedule a Sanitation Certificate course or exam, an instructor was required to provide notice

to the IDPH thirty days before the exam was to be administered. The instructor sent the IDPH a Course Date Notification form, in which the instructor stated the number of Sanitation Certificate exams he or she would administer at a designated place and time and requested the number of Exam Books and Answer Sheets required to administer that exam.

o.   Once the IDPH received the Course Date Notification form from the instructor, the IDPH sent via United States mail or commercial interstate carrier to the instructor the requested number of Exam Books and Answer Sheets as well as an Examination Materials form, identifying which Exam Books had been included in the package by both Exam Version Number and Exam Book Number.

p.   After the scheduled date for the Sanitation Certificate exam, the instructor was required to send to the IDPH a Class Enrollment Form with an attached Attendance List. The presence of a student's name on the Attendance List was the instructor's verification that the individual completed the required course.

q.   The instructor sent the ungraded Answer Sheets, the Attendance List, the Class Enrollment Form, and Exam Books to the IDPH in Springfield, Illinois, where the Sanitation Certificate exams were graded and processed. The instructor was required to return all Exam Books to the IDPH.

r.   The IDPH notified the instructor by United States mail or commercial interstate carrier of the Sanitation Certificate exam results of each individual and ultimately mailed Illinois Sanitation Certificates to those who qualified.

s.  The City of Chicago requirements for food establishments were set forth in Section 7-38-012 of the Municipal Code. The Municipal Code provided that all food service establishments must have a Sanitation Certificate holder on the premises. In order for an individual to serve and prepare food within the limits of the City of Chicago, he/she was required to have a Chicago Sanitation Certificate, and need not have an Illinois Sanitation Certificate.

t.  Through a reciprocity agreement between the State of Illinois and the City of Chicago, an individual holding an Illinois Sanitation Certificate could obtain a Chicago Sanitation Certificate without taking a second exam by submitting a copy of his/her Illinois Sanitation Certificate to the City along with the required fee.

2.  From no later than January 2003 through May 2007, in Cook County, in the Northern District of Illinois, and elsewhere,

> MARYANNE KOLL, and
> ROBERT HENRY,

defendants herein, devised, intended to devise, and participated in a scheme to defraud and to obtain property owned by the State of Illinois and IDPH by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.  It was part of the scheme that defendants MARYANNE KOLL and ROBERT HENRY fraudulently obtained Sanitation Certificate Exam Books and other exam-related materials from the IDPH in furtherance of their joint venture to procure IDPH Sanitation Certificates from the State of Illinois for individuals who had not attended an IDPH-approved

Sanitation Certificate course and who had not passed an IDPH-approved Sanitation Certificate exam.

4. It was further part of the scheme that, in order to obtain the Sanitation Certificate Exam Books and other exam-related materials from the IDPH, defendants MARYANNE KOLL and ROBERT HENRY made and caused to be made a series of materially false and fraudulent representations and promises to IDPH with regard to the attendance and teaching of classes and the administration of Sanitation Certificate exams.

5. It was further part of the scheme that defendants MARYANNE KOLL and ROBERT HENRY fraudulently placed individuals' names on class rosters for Illinois Sanitation Certificate courses and fraudulently completed sanitation examinations for the individuals, ensuring that these individuals would pass the course necessary to obtain a Illinois Sanitation Certificate.

6. It was further part of the scheme that in exchange for fraudulently arranging to provide State of Illinois and City of Chicago Sanitation Certificates, these individuals paid money to defendants MARYANNE KOLL and ROBERT HENRY.

7. It was further part of the scheme that as a result of the actions of defendants MARYANNE KOLL and ROBERT HENRY, individuals who were not entitled to receive State of Illinois and City of Chicago Sanitation Certificates received such Sanitation Certificates via United States mail, thereby entitling the unqualified individuals to prepare and serve food to the public while working in food establishments.

8. It was further part of the scheme that defendants MARYANNE KOLL and ROBERT HENRY submitted and caused to be submitted Course Date Notification forms to the IDPH which contained a variety of false and fraudulent representations, such as the following:

    a. That defendant MARYANNE KOLL would conduct a 15-hour IDPH-approved Sanitation Certificate course at a designated location on a specific date and time.

    b. That a certain number of students would attend defendant MARYANNE KOLL's 15-hour IDPH-approved Sanitation Certificate course on that date.

    c. That, at the conclusion of the 15-hour IDPH-approved Sanitation Certificate course, defendant MARYANNE KOLL would administer the IDPH-approved Sanitation certificate exam using the Exam Books provided to her by IDPH.

9. It was further part of the scheme that about every four to eight weeks defendants MARYANNE KOLL and ROBERT HENRY sent and caused to be sent Course Date Notification forms to IDPH requesting a certain number of exam books and answer sheets for the scheduled exam be delivered to "Maryanne Koll, Kollmar Food, 7840 Forest Hill Road, Burr Ridge, Ill., 60527."

10. It was further part of the scheme that in response to the Course Date Notification forms, the IDPH sent KOLL via commercial interstate carrier United Parcel Service ("UPS"), Examination Materials forms and the requested Sanitation Certificate Answer Sheets and Exam Books to be used for the Sanitation Certificate exam KOLL

purportedly scheduled for specific dates.

11.     It was further part of the scheme that defendants MARYANNE KOLL and ROBERT HENRY generated and used "enrollment receipts," purportedly for the purpose of certifying that an individual was enrolled in an upcoming Sanitation Certificate course. KOLL sometimes generated backdated "enrollment receipts" purportedly certifying that the individual had already attended the Sanitation Certificate course and taken the exam and was awaiting receipt of his Sanitation Certificate. KOLL signed the "enrollment receipts" which contained KOLL's Food Service Manager Certificate number and the name and address of Kollmar Food Safety. These "enrollment receipts" were typically for Sanitation Certificate courses that KOLL had already scheduled with the IDPH by submitting a Course Date Notification form.

12.     It was further part of the scheme that when defendant ROBERT HENRY "enrolled" a new client, he had the applicant partially complete an Answer Sheet previously supplied to HENRY by defendant MARYANNE KOLL. Under the direction of HENRY, the applicant completed the sections that requested the applicant's name, address, and social security number and then signed and initialed the Answer Sheet without filling in the answers.

13.     It was further part of the scheme that defendant ROBERT HENRY "enrolled" these individuals in one of defendant MARYANNE KOLL's Sanitation Certificate "courses" for a fee of $300 to $400.

14. It was further part of the scheme that after defendant ROBERT HENRY received the $300 to $400 fee, he provided the applicant with one of the "enrollment receipts" previously supplied to him by defendant MARYANNE KOLL. HENRY wrote in the name of the applicant on the "enrollment receipt" if KOLL had not already done so.

15. It was further part of the scheme that at defendant MARYANNE KOLL's direction, defendant ROBERT HENRY instructed the applicant that if anyone asked where the applicant attended the Sanitation Certificate course and exam, the applicant should say he or she attended the course and exam at a specific location on Narragansett Avenue on the northwest side of Chicago.

16. It was further part of the scheme that defendant ROBERT HENRY then contacted defendant MARYANNE KOLL when HENRY had accumulated several individuals to "enroll" in her Sanitation Certificate "course."

17. It was further part of the scheme that defendant ROBERT HENRY met frequently with defendant MARYANNE KOLL to obtain Answer Sheets and "enrollment receipts" to distribute to potential Sanitation Certificate applicants, whom he obtained on a referral basis, and to provide KOLL names of applicants and their money.

18. It was further part of the scheme that defendant ROBERT HENRY gave defendant MARYANNE KOLL the incomplete Answer Sheets and one-half of the money paid to HENRY.

19. It was further part of the scheme that both defendants MARYANNE KOLL and

ROBERT HENRY knew that those applicants would fraudulently receive Illinois Sanitation Certificates.

20. It was further part of the scheme that, after the scheduled Sanitation Certificate exam date, defendants MARYANNE KOLL and ROBERT HENRY caused to be mailed or sent via commercial interstate carrier to IDPH completed but ungraded Answer Sheets, signed Attendance Lists, Class Enrollment Forms, and Exam Books, all of which contained a variety of false and fraudulent representations, such as the following:

   a. That defendant MARYANNE KOLL conducted a 15-hour IDPH-approved Sanitation Certificate course as reported on the forms.

   b. That, at the conclusion of the 15-hour IDPH-approved Sanitation Certificate course, defendant MARYANNE KOLL administered the IDPH-approved Sanitation certificate exam to a certain number of students using the Exam Books provided to her by IDPH.

   c. That all the individuals listed on the signed IDPH Attendance List had attended the Sanitation Certificate course and completed the Sanitation Certificate exam.

21. It was further part of the scheme that defendant MARYANNE KOLL completed and/or altered individuals' answers on Sanitation Certificate exams, ensuring that these individuals would pass the course and exam necessary to obtain an Illinois Sanitation Certificate.

22. It was further part of the scheme that defendant MARYANNE KOLL signed

individuals' exam Answer Sheets, misrepresenting that certain individuals completed the exam Answer Sheets and had used specific exam books.

23. It was further part of the scheme that defendant MARYANNE KOLL falsely certified by signature on Course Enrollment Forms that she administered Sanitation Certificate exams on certain dates at specific locations, when in fact she did not administer such exams as she reported.

24. It was further part of the scheme that defendant MARYANNE KOLL signed and submitted Attendance Lists to the IDPH, representing that individuals attended specific Sanitation Certificate courses and took Sanitation Certificate exams, well knowing that some or all such individuals had not attended the course or taken the exam.

25. It was further part of the scheme that defendant MARYANNE KOLL fraudulently completed Answer Sheets and submitted them to IDPH on behalf of students who never attended the course or took the exam.

26. It was further part of the scheme that upon receiving the Sanitation Certificate exam materials from defendant MARYANNE KOLL, the IDPH graded the Answer Sheets and ultimately mailed Illinois Sanitation Certificates to those individuals whom KOLL falsely certified attended the Sanitation Certificate course and took and passed the exam.

27. It was further part of the scheme that the IDPH also sent via mail or commercial interstate carrier the Sanitation Certificate exam results to defendant MARYANNE KOLL.

28. It was further part of the scheme that each Sanitation Certificate course/exam defendant MARYANNE KOLL claimed to administer between about December 2005 and about August 2006 contained at least one applicant whose name defendant ROBERT HENRY had provided her and who did not attend the course or take the exam.

29. It was further part of the scheme that, during the course of the scheme, defendant MARYANNE KOLL caused the fraudulent issuance of in excess of approximately 584 Sanitation Certificates to unqualified individuals, including approximately 98 individuals referred to her from co-defendant ROBERT HENRY.

30. On or about August 16, 2006, in the Northern District of Illinois, Eastern Division,

> MARYANNE KOLL, and
> ROBERT HENRY,

defendants herein, for the purpose of executing the above-described scheme to defraud and attempting to do so, did knowingly cause to be delivered in interstate commerce by commercial interstate carrier, according to the directions thereon, a package containing 48 Exam Books from the Illinois Department of Public Health, 525 West Jefferson Street, 2nd Floor, Springfield, Illinois, to defendant MARYANNE KOLL in Burr Ridge, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

*[signature: Patrick J. Fitzgerald]*
UNITED STATES ATTORNEY
*[signature: Joel R. Ru...]*

No.: 07 CR 346

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

**S U P E R S E D I N G   I N F O R M A T I O N**

MARYANNE KOLL
ROBERT HENRY

In violation of: _____

A true bill,

_____
Foreman

Filed in open court this _____ day

of _____, A.D. 19 _____

_____
Clerk

Bail: $ _____